IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN GAGLIARDI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 8-892 |
| | ) | |
| vs. | ) | |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER OF COURT**

**SYNOPSIS**

In this civil action, Plaintiff, proceeding pro se, claims that Defendants, which are telephone service providers and credit agencies, have reported or pertpetuated inaccurate information relating to Plaintiff's credit history. He asserts claims based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.§ 1681 et seq., the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201.1 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as well as common law claims for defamation, tortious interference with business relations, tortious interference with contractual relations, infliction of emotional distress, conspiracy, retaliation, and invasion of privacy/false light.

Before the Court are Motions to Dismiss the Complaint filed by Defendant AT & T Corporation ("AT & T"), and Defendant Verizon Pennsylvania, Inc. ("Verizon").

Both Motions are made pursuant to Fed. R. Civ. P. 12(b)(6).[1]

For the following reasons, the Motions are granted in part, and denied in part.

**OPINION**

**I. Pertinent Factual Allegations**

As regards Defendants AT & T and Verizon in particular, Plaintiff avers that he has disputed inaccurate information concerning his accounts with these Defendants, and that without appropriate investigation of the disputes, Defendants have willfully continued to report the inaccurate information to various credit reporting agencies, failed to mark the accounts disputed, and continued to attempt to collect money from Plaintiff.

Plaintiff further avers that in the early 1970s, he was the president of a company that contracted with "companies affiliated with the AT & T/Bell system" to provide them with warehousing. Plaintiff alleges that he discovered an illegal scheme to inflate utility rates and perpetuate a monopoly. He reported the illegal activities to government agencies. Ultimately, his company sued the "Bell affiliates," which suit settled in 1981; the settlement unraveled, and Plaintiff began to personally sue the AT & T/Bell system, resulting in a "Bell counter-attack," one manifestation of which is AT & T's "campaign" fueled by false credit information. By incorporation, Plaintiff asserts identical factual allegations

---

[1] Verizon also filed a Motion to Dismiss for lack of jurisdiction based on insufficient service of process, under Fed. R. Civ. P. 12(b)(5). Plaintiff acknowledges, however, that Defendant has not been served. Instead, Plaintiff describes his unsuccessful attempts to obtain waiver of service from Verizon, and also his intention to serve Verizon pursuant to Fed. R. Civ. P. 4(m). This Motion, therefore, is not yet ripe, and will be denied accordingly.

against Verizon.

Against these Defendants, Plaintiff raises claims for defamation, tortious interference with contractual relations, tortious infliction of emotional distress , conspiracy, retaliation, and invasion of privacy/false light.

## II. Applicable Standards

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988). In ruling a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Id. at 666. Complaints "need not plead law or match facts to every element of a legal theory." Weston v. Pennsylvania, 251 F. 3d 420, 429 (3d Cir. 2001). In addition, however, the court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Hunt v. United States Tobacco Co., 538 F.3d 217, 227 (3d Cir. 2008).

It is insufficient "to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Bell Atlantic Corp. v. Twombly,   U.S.  , 127 S. Ct. 1955, 1969 n.8, 167 L. Ed. 2d 929 (2007). "Put another way,…Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not

only 'fair notice,' but also the 'grounds' on which the claim rests." Id.

Finally, filings by a pro se litigant are entitled to liberal construction. Patterson v. Glaxosmithkline Pharm. Co., No. 07-2235, 2008 U.S. App. LEXIS 23126, at *3 (3d Cir. Pa. Nov. 5, 2008). I note, too, that at this juncture, Plaintiff is entitled to have this particular Complaint viewed independently of any previous and unrelated petitions; the frequency of his appearance in our Courts does not strip him of that entitlement.

## II. Defendants' 12(b)(6) Motions

### A. Defamation

#### a. FCRA preemption

I first address Defendants' argument that the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, immunizes it from certain of Plaintiff's common law defamation claims. That section reads, in pertinent part, as follows:

> . . . [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency based on information disclosed pursuant to . . . this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

Id. (emphasis added).

"This clause only preempts state claims for defamation, invasion of privacy, and negligence, and only to the extent such claims are not based on malice or willful intent to injure." See Cushman v. Trans Union, 115 F.3d 220, 229 (3d Cir. 1997). Conversely, claims alleging malice or willfulness are not

preempted. Manno v. Am. Gen. Fin. Co., 439 F. Supp. 2d 418, 423 (E.D. Pa. 2006).

In this case, Plaintiff alleges that he apprised Defendants of the falsity of inaccurate information, and that they continued to report such information without conducting a reasonable investigation. This goes beyond merely reciting the elements of malice or willful intent. Accordingly, his claims are not preempted by the FCRA. Cf. Hukic v. Aurora Loan Servs., No. 05 C 4950, 2006 U.S. Dist. LEXIS 36892 (N.D. Ill. May 22, 2006).

### b. Failure to plead

I next address Defendants' argument that Plaintiff has failed to sufficiently plead his defamation claim against AT&T. In pleading such a claim, the complaint must identify which statements were made, by whom, and to whom. Smith v. School Dist. Of Phila., 112 F. Supp. 2d 417, 419 (E.D. Pa. 2000). Although I do not apply any heightened pleading standard to Plaintiff's claim, I do note that federal pleading standards require that a Complaint be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).[2]

In this case, Plaintiff's allegation do not meet this standard. Plaintiff alleges that the moving Defendants have "willfully continued to report" "inaccurate information" relating to "accounts with AT & T and Verizon" to "various credit reporting agencies." Absent, for example, a single detail

---

[2] See James v. Morgan, No. 2002/123, 2008 U.S. Dist. LEXIS 101202 (D.V.I. Nov. 5, 2008) (discussing tension between state practice requiring specificity in pleading defamation, and liberal federal pleadings standard).

regarding the information allegedly published, Defendants are without fair notice of the defamation claim and the grounds upon which it rests. Under applicable standards, therefore, Plaintiff's defamation claims against these Defendants must be dismissed.

### B. Tortious Interference with Contractual Relations

Next, I address Defendants' argument in favor of dismissing Plaintiff's claims for tortious interference with contractual relations. Such a claim requires that Plaintiff allege an existing or prospective contractual relation between plaintiff and a third party; purposeful conduct by defendant, specifically intended to harm the existing relation or to prevent a prospective relation; the absence of privilege or justification on the part of the defendant; and actual legal damage resulting from the defendant's conduct. Crivelli v. General Motors Corp., 215 F.3d 386, 394 (3d Cir. 2000).

In this case, the Complaint is deficient. For example, Plaintiff has failed to identify any particular contractual relationship with which the moving Defendants allegedly interfered. Instead, Plaintiff contends that instances will be revealed in discovery. The mere possibility that discovery might eventually reveal grounds for a lawsuit, however, does not relieve Plaintiff of his present burden to plead facts. In a complaint, a plaintiff must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of the asserted cause of action. Twombly, 127 S. Ct. at 234. Plaintiff has not raised such a possibility with respect to a claim for tortious interference, and this failure provides grounds

for dismissal. See M&M Stone Co. v. Pennsylvania, No. 07-CV-04784, 2008 U.S. Dist. LEXIS 76050, at *90 (E.D. Pa. Sept. 28, 2008).

**C. Infliction of emotional Distress**

I next address Defendants' challenge to Plaintiff's claim for infliction of emotional distress. Under Pennsylvania law, liability for the intentional infliction of emotional distress exists only if the alleged conduct is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" Lee v. Comhar Inc., 244 Fed. Appx. 464, 467 (3d Cir. Pa. 2007) (quoting Hoy v. Angelone, 554 Pa. 134, 720 A.2d 745, 754 (Pa. 1998)). "[O]nly the most egregious conduct" has been found to support this cause of action. Hoy, 720 A.2d at 754. This includes conduct such as killing plaintiff's child and, without notifying authorities or medical personnel, burying the body in a field; or intentionally fabricating records suggesting that plaintiff had killed another person. Id. As a matter of law, I find that the acts that the present Defendants allegedly committed cannot rise to this level, and Plaintiff cannot assert a claim of intentional infliction of emotional distress.

As regards negligent infliction of emotional distress, such a claim lies only when "a plaintiff sustains bodily injuries, even though trivial or minor in character, which are accompanied by fright or mental suffering directly traceable to the peril in which the defendant's negligence placed the

plaintiff, then mental suffering is a legitimate element of damages."[3]
Shumosky v. Lutheran Welfare Servs. of Northeastern Pa., 784 A.2d 196, 200 (Pa. Super. Ct. 2001). Plaintiff simply does not allege any facts that would bring his Complaint under this rule. Instead, he alleges only physical effects generated by his mental distress. I do not now address the extent of damages that Plaintiff may be entitled to pursue for emotional injury, resulting from other tortious conduct; it is clear, however, that he cannot maintain a claim for negligent infliction of emotional distress. As Plaintiff cannot proceed under either theory, his emotional distress claim must be dismissed.

**D. Conspiracy**

To state a claim for civil conspiracy, a party must show "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." Morilus v. Countrywide Home Loans, Inc.,07-900, 2008 U.S. Dist. LEXIS 103556, at *55 (E.D. Pa. Dec. 22, 2008). Agreement is the sine qua non of conspiracy. See, e.g., Warren v. Gelardi, No. 07-1266, 2009 U.S. Dist. LEXIS 2333, at *39 (D.N.J. Jan. 14, 2009).

Plaintiff identifies a "Bell conspiracy," and then a "campaign by AT & T." The Complaint, however, contains no allegations of agreement. The conduct alleged in this litigation – i.e., the failure to properly investigate a disputed

---

[3]Plaintiff clearly does not intend to proceed under the "zone of danger" or "bystander" bases of recovery, which presuppose that Plaintiff witnessed or was in the vicinity of a physical impact or similar event.

debt, and reporting that debt to credit agencies - is not alleged to have been completed in concert with any other Defendant. Even a liberal reading of the Complaint does not suggest that Plaintiff intends to name Verizon and AT & T as acting together. Moreover, Plaintiff's conspiracy allegations span a time period of over thirty years, but the Complaint "fails to identify, in any meaningful manner," when the alleged conspiracy was formed, or when each Defendant joined. Cf. Bair v. Purcell, 500 F. Supp. 2d 468, 501 (M.D. Pa. 2007). Based on these deficiencies, Plaintiff's claim must be dismissed.

### E. Retaliation

Defendants challenge Plaintiff's claim for retaliation solely on grounds that Pennsylvania law does not recognize a claim called "retaliation." Plaintiff's allegations that Defendants retaliated against him for whistleblowing activities, however, suggest a claim for retaliation under federal law. Because Defendants raise no other objections to this claim, their Motions will be denied to that extent.

### F. Invasion of Privacy/False Light

I next address Defendants' challenge to Plaintiff's claim for "false light" invasion of privacy.

> The tort of false light--invasion of privacy involves "'publicity that unreasonably places the other in a false light before the public.'" A cause of action for invasion of privacy will be found where a major misrepresentation of a person's character, history, activities or beliefs is made that could reasonably be expected to cause a reasonable man to take serious offense. "The elements to be proven are publicity, given to private facts, which would be highly offensive to a reasonable person and which are not of legitimate concern to the public."

Rush v. Philadelphia Newspapers, Inc., 732 A.2d 648, 654 (Pa. Super. Ct. 1999).

"Widespread dissemination," rather than mere publication, is required. Gomez v. Markley, No. 07-00868, 2008 U.S. Dist. LEXIS 54908, at *47 (W.D. Pa. July 18, 2008). Communication to a few persons does not constitute the required publicity. Gregory v. Saks & Co., No. 85-1853, 1986 U.S. Dist. LEXIS 19940, at *9 (E.D. Pa. Sept. 25, 1986). At most, the allegations suggest that the moving Defendants, AT & T and Verizon, disclosed information to the three credit agencies identified in the Complaint. There is absolutely no reading of the facts that would permit a conclusion that these Defendants widely disseminated information about Plaintiff. As a matter of law, these allegations cannot supply the "publicity" required by the tort of false light invasion of privacy.

## CONCLUSION

In sum, with respect to his claims against Verizon and A T & T, other than his Count for retaliation, Plaintiff has failed to allege facts suggestive of conduct proscribed by the asserted causes of action. Therefore, Defendants are entitled to dismissal of those claims.

## ORDER OF COURT

AND NOW, this 12th day of February, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motions to Dismiss (Docket Nos. [17] and [32]) are GRANTED in part and DENIED in part. Verizon's Motion to Dismiss pursuant to 12(b)(5) is DENIED as unripe. Further, all of Plaintiff's claims against AT & T and Verizon, other than those for retaliation (Counts XXIX and XIX), are

DISMISSED, without prejudice. Plaintiff will be afforded a single opportunity to attempt to replead his claims within fourteen (14) days of the date of this Order.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court
