IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN GAGLIARDI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-892 |
| | ) | |
| vs. | ) | |
| | ) | |
| VERIZON, PENNSYLVANIA, INC., and | ) | |
| AT & T CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Behind this civil action lies a long and contentious history between the parties, which requires no explication from the Court at present. Previously, I dismissed Plaintiff's Amended Complaint but for his retaliation claim. Several of the claims were dismissed based on a failure to plead sufficient facts, under applicable standards. Accordingly, I advised Plaintiff that he would have an opportunity to attempt to replead those claims. Nonetheless, Plaintiff chose not to do so with respect to a majority of the dismissed Counts; instead, he filed a "Second Amended Complaint" that is limited to a single claim of retaliation against each of the Defendants.[1] More specifically, Plaintiff claims that each Defendant improperly reported and/or attempted to collect a debt from him in retaliation for his activities related to the exposure of a long-running fraud by

---

[1] I did not "dismiss" his state law retaliation claims, or hold that no such claim existed under state law; I merely noted that the limited argument raised by Defendants, who bore the burden on their Motions to Dismiss, did not provide sufficient reason for dismissal – i.e., even if I were to accept Defendant's contention that no retaliation claim existed under state law, there could be a federal theory under which Plaintiff might attempt to anchor his claims.

the "AT & T/Bell system" in the 1970s. .

A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citations omitted). Accordingly, a plaintiff is required to make a "showing," rather than a blanket assertion of an entitlement to relief. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 127 S. Ct. at 1965 (citations omitted). A <u>pro se</u> plaintiff, while entitled to an additional margin, is not relieved of his obligations under the Rules of Civil Procedure. <u>See</u>, <u>e.g.</u>, <u>Jiminez v. Aramark Corp.</u>, No. 07-2758, 2008 U.S. Dist. LEXIS 55489, at *7 (D.N.J. July 18, 2008).

Defendants argue that Plaintiff, under the facts stated in his Complaint, cannot maintain a retaliation claim under any potentially applicable theory. In response, Plaintiff fails to identify or suggest any theory under which his allegations might state a cause of action for retaliation, and under which he intends to proceed. Although a plaintiff is not required to specifically identify a legal theory in his complaint, he certainly must allege facts that would entitle him to relief under some theory of liability. Even affording Plaintiff the leeway to which he is entitled as a <u>pro se</u> litigant, viewing the facts and inferences therefrom in his favor, and having permitted him every reasonable opportunity

to proceed, I am constrained to dismiss his complaint against these parties.

Clearly, Plaintiff believes himself the victim of layers of improper action on the part of large corporate entities and others whose wrongdoing he sought, long ago, to expose. I have read his submissions carefully, including the entirety of his affidavit and attached exhibits, and given them all due consideration. Nonetheless, because of the dictates of law and procedure, this particular cause of action, against these particular parties, is not a suitable vehicle to address the grievances that have arisen during Plaintiff's lengthy course of dealing with these Defendants and other persons identified in his Court submissions.

AND NOW, this 23rd day of April, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motions to Dismiss (Docket Nos. 52 and 56) are GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court